*789 McHUGH, Circuit Judge,
concurring:
I am pleased to join in the majority’s well-reasoned Order and Judgment affirming Vernon’s convictions. I write separately to explain why I conclude the variance in this case did not prejudice Vernon’s right to a fair trial. As I described in my concurring and dissenting opinion in United States v. [Dejuan] Hill, 786 F.3d 1254, No. 13-5074 (10th Cir. May 22, 2015) (McHugh, J. concurring and dissenting), the government’s decision to charge and try the defendants for participating in a global conspiracy for which there was insufficient evidence carried with it the risk of prejudicial spillover. But in Vernon’s case, the variance did not cause substantial prejudice. The government alleged Vernon participated in four of the seven robberies (specifically, the IBC Bank, CVS Pharmacy (uncharged), Metro Pharmacy, and Arvest Bank). As the majority explains, much of the' gang evidence admitted was directly relevant to Vernon’s involvement in the conspiracy to rob the Metro Pharmacy. And even if the global conspiracy theory allowed the government to offer some irrelevant and potentially inflammatory evidence related to the Hoover Crips gang or other robberies in which Vernon played no role, the compelling evidence of Vernon’s guilt with respect to the Metro Pharmacy and Arvest Bank robberies makes it unlikely the admission of this evidence improperly influenced the jury’s verdict. Therefore, I concur in the majority’s conclusion that the variance did not interfere with Vernon’s right to a fair trial.
I join all other parts of the majority’s Order ánd Judgment in full.